RHULE v. ARMSTRONG

1. DEATH—WRONGFUL DEATH ACT—TORTS.

Michigan's wrongful death act is premised upon a tort theory, as the basis of liability under the statute gives any "wrongful act, neglect, or default" causing death which would have created an action for damages had death not ensued (MCLA § 600.2922).

2. LIMITATION OF ACTIONS—DEATH—WRONGFUL DEATH ACT.

Since the wrongful death act fails to specify a limitations period, the proper limitations period for wrongful death actions is

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Death § 12.
[2, 6] 22 Am Jur 2d, Death § 38.
[3, 5] 22 Am Jur 2d, Death § 26.
[4] 50 Am Jur, Statutes § 222.

the general tort statute three-year limitation for "injuries to persons or property" (MCLA §§ 600.2922, 600.5805).

3. DEATH—WRONGFUL DEATH ACT—DAMAGES—PAIN AND SUFFERING.
   The fact which gives rise to the wrongful death action is the wrongful injury to the decedent which causes his death either immediately or thereafter; recovery for conscious pain and suffering has become an element of damages under the present wrongful death action (MCLA § 600.2922).

4. STATUTES — INTERPRETATION — COURTS — FEDERAL COURTS — STATE COURTS — PRECEDENTS.
   A Federal court interpretation of a state statute has no precedential force in a state court but is important as to the persuasiveness of its reasoning.

5. DEATH—WRONGFUL DEATH ACT—SURVIVAL OF ACTION.
   The wrongful death action is an independent action which arises solely on the date of and because of the wrongfully injured person's death and it does not "survive by law" the wrongfully injured person's death (MCLA § 600.2922).

6. LIMITATION OF ACTIONS—DEATH—WRONGFUL DEATH ACT—ACCRUAL OF ACTION.
   The three-year limitation period for a wrongful death action does not begin to run until the date of the decedent's death (MCLA §§ 600.2922, 600.5805).

Appeal from Court of Appeals, Division 3, J. H. Gillis, P. J., and McGregor and Quinn, JJ., affirming Saginaw, Fred J. Borchard, J. Submitted April 6, 1971. (No. 4 April Term 1971, Docket No. 52,692.) Decided June 1, 1971.

20 Mich App 573 affirmed.

Complaint by Ozila Rhule, administratrix of the estate of Dorothy G. Stewart, deceased, against Carl A. Armstrong for damages for the wrongful death of plaintiff's decedent. Accelerated judgment for defendant. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Affirmed.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiff.

*Cook, Nash, Deibel & Borrello,* for defendant.

WILLIAMS, J. On April 17, 1965, Dorothy G. Stewart fell down a flight of stairs in defendant's place of business suffering severe injuries. She died from these injuries on April 18, 1965, leaving a husband and two minor children. The administratrix of her estate, who was appointed on July 16, 1968, brought this wrongful death action against the defendant on July 23, 1968, three years, three months and five days after the decedent's death. The defendant moved for an accelerated judgment on the ground that the three-year statute of limitations for actions for "injuries to persons or property" applies to wrongful death actions with the statutory period beginning to run at the date of decedent's death (MCLA § 600.5805 [Stat Ann 1962 Rev § 27A.5805 (7)]). The trial court granted defendant's motion.

On appeal the administratrix contended that since the wrongful death act is not a personal injury action, the three-year statute of limitations for "injuries to persons or property" does not apply. Instead, she argued that since the wrongful death act fails to specify a limitations period and since no statute of limitations specifically mentions actions for wrongful death the general six-year statute of limitations for "other personal actions" should apply (MCLA § 600.5813 [Stat Ann 1962 Rev § 27A.5813]). She also contended that, if the three-year period applies, then a statutory savings provision preserves this action since it gives the administrator an additional two years following the grant of letters of administration to bring an action which

"survives by law," (MCLA § 600.5852 [Stat Ann 1962 § 27A.5852]).

In affirming the trial court, the Court of Appeals ruled in a *per curiam* opinion that the three-year statute of limitations on actions for "injuries to persons or property" applies to wrongful death actions citing *Coury* v. *General Motors Corporation* (1965), 376 Mich 248. The Court of Appeals also ruled that a wrongful death action does not "survive by law" but instead is created by law. *Rhule* v. *Armstrong* (1970), 20 Mich App 573.

We granted leave to appeal because this Court has never specifically held that the three-year period of limitations applies to wrongful death actions and because *Szydelko* v. *Smith's Estate* (1932), 259 Mich 519 is arguably in conflict with the Court of Appeal's ruling that a wrongful death action does not "survive by law."

## I.

Michigan's wrongful death act is premised upon a tort theory. The basis of liability under the statute is any "wrongful act, neglect or default" causing death which would have created an action for damages had death not ensued (MCLA § 600.2922 [Stat Ann 1962 Rev § 27A.2922]). Since the wrongful death act fails to specify a limitations period, the general tort statute of limitations contains the proper limitations period for wrongful death actions. The general tort statute of limitations is the three-year limitation for "injuries to persons or property."

Our examination of the history of the wrongful death statute and prior case law confirms our observation that the wrongful death act is a tort action

founded on injury to persons.[1] Until the law was changed in 1939, recovery for wrongful death in Michigan might be under the survival statute or under the death act, *In re Olney's Estate* (1944), 309 Mich 65. The distinction between the two turned on the time of death. If the death was practically instantaneous, the proper action was wrongful death; but, if there was a period of survival, then the action came under the survival act. The reasoning behind this distinction was that the death act provided a statutory action for pecuniary injury caused to those persons having a beneficial interest in the decedent's life while the survival act preserved to the decedent's estate those claims which he held at the time of his death for injuries to his person or property. In *Lincoln* v. *Detroit & M. R. Co.* (1914), 179 Mich 189, 196, this Court reasoned that as to actions under either the death act or the survival act, "Both are dependent on the injury."

The Michigan Legislature confirmed this theory in 1939 when they amended the wrongful death act by incorporating the survival act into the death act to form a single grant of recovery, *In re Olney's Estate* (1944), 309 Mich 65. Since 1939 the wrongful death act has stipulated that all actions for death or

---

[1] Plaintiff cited *Drinan* v. *A. J. Lindemann & Hoverson Co.* (CA 7, 1953), 202 F2d 271 in support of the proposition that a wrongful death action is distinguishable from a "personal injury" action. *Drinan* was a conflicts of law case. The action was brought in the Federal district court in Wisconsin and arose out of an oil stove explosion in Michigan which severely burned plaintiff's decedent and resulted in her death. Wisconsin law had a two-year limitations period for personal injuries and a six-year limitations period for actions commenced upon a liability created by statute. Finding that the action was predicated upon the Michigan wrongful death act which created a statutory cause of action for wrongful death, the Federal court held that the Wisconsin six-year limitations period should be applied to the action brought in Wisconsin under the Michigan wrongful death statute. Had the action been grounded upon common-law negligence rather than statutory liability, then the two-year limitations period would have applied. The Michigan limitation statutes are, of course, different from the Wisconsin ones.

injuries resulting in death must be brought under the wrongful death act. The fact which gives rise to the wrongful death action is the wrongful injury to the decedent which causes his death either immediately or thereafter. The old survival act recovery for conscious pain and suffering has become an element of damages under the present wrongful death action.

The Michigan courts have assumed for a long time that the three-year statute of limitations for injuries to persons or property applies to wrongful death actions, *Szydelko* v. *Smith's Estate* (1932), 259 Mich 519. In *Coury* v. *General Motors Corporation* (1965), 376 Mich 248, although we only held that the statute of limitations for a wrongful death action accrued at the time of death, we clearly indicated that the three-year period of limitations applied to wrongful death actions. Today we specifically hold that the three-year period is the proper limitations period for wrongful death actions.

## II.

The statutory savings provision of MCLA § 600-.5852 (Stat Ann 1962 Rev § 27A.5852) reads:

"If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which *survives by law* may be commenced by or against the executor or administrator of the deceased person    *    *    *    at any time within 2 years after letters testamentary or letters of administration are granted    *    *    *    ." (Emphasis added.)

In arguing that a wrongful death action does "survive by law," plaintiff points out *Janes* v. *Sackman Bros. Co.* (CA2, 1949), 177 F2d 928 in which the United States Court of Appeals for the Second

Circuit interpreted the Michigan savings provisions as preserving an administrator's wrongful death action brought within two years of his appointment but more than three years after his decedent's death. Of course, a Federal court interpretation of a state statute has no precedential force in a state court but is important as to the persuasiveness of its reasoning.

In *Janes* the Federal court found that the action was premised on the survival act element of the wrongful death statute since the plaintiff's decedent, whose cowboy play suit took fire, did not die instantaneously. Arguing that under the old survival act this action would "survive by law" the decedent's death and thus have the benefit of the savings provision the Second Circuit held that incorporating the survival act with the old wrongful death act did not change this result.

*In re Olney's Estate* (1944), 309 Mich 65, of course, held otherwise. There this Court said, at pp 77, 78:

"[T]he amendment does not join in a single cause of action two separate causes of action for injuries and death (see *Beauvais* v. *Springfield Institute for Savings* [1939], 303 Mass 136 [20 N.E. (2d) 957, 124 A.L.R. 611 and annotation]) but creates an entirely new statutory cause of action applicable to all cases where death results from wrongful act, whether occurring 'instantaneously' or as the result of injuries. The legislature has made not only the wrongful act, neglect or default of the wrongdoer a necessary element in the cause of action, but also the *death* of the injured party is a necessary fact to the right of his representative to maintain an action under this amendment. Death is a part of the substance or essence of the right."

The wrongful death act action is an independent action which arises solely on the date of and because

of the wrongfully injured person's death. It does not "survive by law" the wrongfully injured person's death.

Plaintiff also argued that *Szydelko* v. *Smith's Estate* (1932), 259 Mich 519 supports her view that this savings provision gives the administrator two years following his appointment to bring the wrongful death action. *Szydelko* does illustrate the proper application of this savings provision but not the principle for which the plaintiff contends. In *Szydelko* the defendant tortfeasor, who allegedly caused the wrongful death, died four days after the wrongfully injured person. A special administrator was appointed to defendant's estate. Almost two years later a general administrator was appointed to defendant's estate. Plaintiff brought the wrongful death action within two years after the appointment of the general administrator but more than three years after the death of plaintiff's decedent, the wrongfully injured person. This Court decided that only the general administrator could be sued by plaintiff, hence plaintiff had no one to sue until the general administrator was appointed.

On its facts *Szydelko* comes within the criteria established by the savings provision. The alleged tortfeasor died within the three year statutory limitations period for bringing the wrongful death action. The tortfeasor's death does not terminate his potential liability, instead his potential liability survives. To decide otherwise would be to severely limit the statutory right of recovery for wrongful death.

But on the facts of the case before us, the criteria of the savings provision are not met. First we have already pointed out that the right to bring a wrongful death action does not survive the decedent whose

death was wrongfully inflicted. Instead, it is an action independent of the decedent which is created by statute and arises at the decedent's death. Second, the decedent whose death was the result of a wrongful injury could not possibly have died during the time the three-year limitation period ran or within 30 days after the limitations period had run since the limitations period does not begin to run until the date of the decedent's death. *Coury v. General Motors Corporation* (1965), 376 Mich 248.

The *Szydelko* case is distinguishable for an additional reason. The Szydelko right of action arose in 1928. At that time the only way to institute an action for tortiously caused injuries or death was by filing a claim against the tortfeasor's estate. The only exception was provided by CL 1915, § 13878,[2] permitting suit in circuit against the tortfeasor's fiduciary after, but not before, "the expiration of the time limited by the [probate] court for the payment of debts." The administrator of Mr. Szydelko's estate accordingly filed claim in the probate court against Mrs. Smith's estate.

It was not until enactment of the Probate Code of 1939 that one having a claim or cause of action against a tortfeasor's estate was given the alternative right of immediate suit in circuit against the latter's fiduciary.[3] All language of the Court in the *Szydelko* case had to do with the filing and disposition of claims in probate against the estates of decedents, and the statutes pertaining thereto, as same stood when the Szydelko claim was filed in 1928 and was disposed of by the Court in 1932.

---

2 This section appeared later, *Szydelko* pending meanwhile, as CL 1929, § 15688.

3 See § 22 of Chapter VIII of the Code of 1939 (now MCLA § 708.22 [Stat Ann 1962 Rev § 27.3178(432)]).

For the reasons stated above we affirm the judgment of the Court of Appeals.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.