Harold RAYMOND, Administrator of the Estate of Bill Dean Claborn a/k/a William Dean Claborn and William D. Claborn, Deceased, Plaintiff,

v.

UNITED STATES of America, Office of Veteran's Administration, Defendant.

Civ. A. No. 7–71888.

United States District Court, E. D. Michigan, S. D.

Jan. 17, 1978.

Donald M. Cutler, Temple & Cutler, Southfield, Mich., for plaintiff.

James K. Robinson, U. S. Atty. by Pamela J. Thompson, Asst. U. S. Atty., United States Dept. of Justice, Detroit, Mich., for defendant.

## OPINION

FEIKENS, District Judge.

Plaintiff is the Administrator of the Estate of Bill Dean Claborn and brings this action against the Veteran's Administration under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2675, for personal injury and wrongful death. He alleges that a crutch given to his decedent by defendant broke causing his decedent injuries that eventually resulted in his death. Defendant has moved for dismissal, or in the alternative, for summary judgment. It raises various statute of limitations issues and plaintiff's failure to properly pursue an administrative claim that must be exhausted before this court has jurisdiction to hear the claim.

The statute of limitations point revolves around the question of whether or not an appeal from the local administrative denial was "filed" with the Washington office of the Veteran's Administration, tolling the running of the statute. Plaintiff's counsel claims to have sent a letter of appeal, but defendant has no record of receiving it. The court is loath to place the burden of proving receipt of the letter upon plaintiff, and since the case must be dismissed for other reasons, the statute of limitations question need not be decided.

■ It is undisputed that the claim for wrongful death is a separate and distinct cause of action under Michigan law. M.C. L.A. 600.2922; *Stewart's Estate v. Arm-*

*strong*, 384 Mich. 709, 187 N.W.2d 223 (1971). It is also undisputed that no administrative claim has been filed as to the wrongful death action. Consequently, this court lacks subject matter jurisdiction over the wrongful death portion of the case. 28 U.S.C. 2675; *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir. 1974). Plaintiff's decedent died on January 5, 1977, and plaintiff has approximately one year remaining in which to bring his administrative claim for wrongful death. It appears that plaintiff's personal injury claim is allegedly directly connected to the claim of wrongful death and this can be brought in that administrative claim. See 28 U.S.C. 1346(b), and M.C.L.A. 600.2922(2).

The personal injury claim now pending must, however, be dismissed because of failure to properly pursue the administrative claim procedure. 28 C.F.R. 14.2(a) states that the administrative claim must be for a "sum certain." The claim filed by plaintiff's decedent failed to comply with this regulation in that it claimed "in excess of $50,000.00."

Where, as here, there are two claims, one for personal injury which is now before the court, and one for wrongful death which has not properly been brought, it is of paramount importance that a sum certain for personal injuries be specified since the claims are ultimately related, and there can be no double recovery.

Since the filing of a proper administrative claim is an absolute prerequisite to the maintenance of a suit in district court, *Executive Jet Aviation, supra*, this court lacks subject matter jurisdiction over the personal injury claim also.

The remaining issues need not be discussed.

For the reasons given above, the complaint is dismissed. An appropriate order is entered herewith.