ORTIZ v FERRIS

Docket No. 71143. Submitted May 4, 1983, at Lansing.—Decided September 14, 1983.

Galdina Ortiz, as special administratrix of the estate of Rosalinda R. Ortiz, deceased, filed a wrongful death malpractice action against Dr. Alfred Ferris and Saginaw Osteopathic Hospital in Saginaw Circuit Court. Rosalinda Ortiz died on April 29, 1976, and Galdina was appointed special administratrix on February 15, 1979. She filed suit on April 27, 1979. Defendants moved for accelerated judgment on the ground that the two-year period of limitation for a malpractice action had expired. The court, Eugene Snow Huff, granted the motion. Plaintiff appealed and the Court of Appeals affirmed in an unpublished per curiam opinion. Plaintiff then sought leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, remanded to the Court of Appeals for reconsideration, 417 Mich 971 (1983). Upon reconsideration, *held:*

The outcome of this appeal turns on whether Rosalinda Ortiz's death was instantaneous, *i.e.,* occurred at the same time as the alleged wrongful act, or non-instantaneous, *i.e.,* occurred sometime after the alleged wrongful act. If death was instantaneous, the two-year malpractice period of limitation applies. If, however, death was non-instantaneous, the action survives by law, giving plaintiff two years after her appointment as special administratrix to file suit so long as suit is filed no later than three years after the malpractice period of limitation expired. There are insufficient facts on record to determine whether Rosalinda Ortiz's death was instantaneous or non-instantaneous. For this reason, the case is remanded to the circuit court for a determination of whether death was instantaneous. If it was, the grant of accelerated judgment is reaffirmed. If not, the grant of accelerated judgment shall be set aside. The Court of Appeals retains jurisdiction.

Remanded.

REFERENCES FOR POINTS IN HEADNOTE

61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 318.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

Limitation of Actions — Wrongful Death — Survival of Actions — Medical Malpractice.

> The personal representative of a deceased has two years from the date of his decedent's death to file a malpractice action alleging wrongful death where the decedent's death was instantaneous, *i.e.,* occurred simultaneously with the alleged wrongful act; if death was non-instantaneous, *i.e.,* occurred after the wrongful act, the personal representative has two years from the date of issuance of letters testamentary to bring suit, provided that in no case may suit be commenced more than three years after the expiration of the malpractice period of limitation (MCL 600.5838[2], 600.5852; MSA 27A.5838[2], 27A.5852).

*Seymour Berger,* for plaintiff.

*Smith & Brooker, P.C.* (by *Douglas C. Smith),* for Dr. Alfred Ferris.

*Franklin, Petrulis, Lichty & Mellon, P.C.* (by *Daniel J. McCarthy),* for Saginaw Osteopathic Hospital.

Before: R. M. Maher, P.J., and Allen and Cynar, JJ.

Per Curiam. This cause returns to us on order of the Supreme Court dated April 26, 1983, remanding the matter back to this panel "for reconsideration in light of *Hawkins v Regional Medical Laboratories, PC,* 415 Mich 420; 329 NW2d 729 (1982). Originally this matter was heard by this panel on May 12, 1981. In an unpublished per curiam opinion released on June 10, 1981, we affirmed the trial court's decision which granted defendants' motion for accelerated judgment on grounds that the two-year period of limitation had expired. Leave to appeal was timely sought with the Michigan Supreme Court, which on April 26,

1983, remanded to us for reconsideration in light of *Hawkins, supra.* 417 Mich 971 (1983).

Plaintiff was appointed special administratrix of the estate of Rosalinda R. Ortiz on February 15, 1979, and on April 27, 1979, more than two years but less than three years subsequent to the death of Rosalinda, who died on April 29, 1976, filed a wrongful death medical malpractice action in the circuit court for Saginaw County. Defendants' motion for accelerated judgment based on the expiration of the two-year period of limitation was granted on September 29, 1980. Upon appeal, this Court affirmed in an unpublished opinion.[1]

Upon remand from the Supreme Court, new briefs have been submitted by all parties. Plaintiff argues that the Supreme Court's decision in *Hawkins, supra,* is "directly on point" and:

"[E]xpressly overruled *Rhule v Armstrong,* 384 Mich 709; 187 NW2d 223 (1971) and the Supreme Court stated that the case of *Rhule v Armstrong,* 384 Mich 709; 187 NW2d 223 (1971) was incorrecty decided. A reading of this case *clearly indicates that the Supreme Court intended that MCL 600.5852 clearly applies to medical malpractice cases.* MCL 600.5852 gives the personal representative two years in which to file a wrongful death action after the appointment of a personal representative but in no event later than three years after the period of limitations has run. Clearly, the administratrix in this case commenced this lawsuit within the statute of limitations as spelled out in MCL

[1] In the appeal to us from the trial court, plaintiff argued that when the Legislature amended § 5838 (MCL 600.5838[2]; MSA 27A.5838[2]), *Rhule v Armstrong,* 384 Mich 709; 187 NW2d 223 (1971), was overruled. We rejected that argument saying: "However, there was no change in the language of § 5852 to establish that the Legislature intended to change the result of *Rhule.* Thus, the reason the statute was found not to apply to wrongful death actions in *Rhule* is still valid. This does not mean that § 5852 would be rendered meaningless by this interpretation, since it would apply to any malpractice action which did not involve wrongful death".

600.5852. A reading of the briefs submitted to the Court of Appeals initially discloses that the whole argument was whether the statute of limitations was two or three years from the date of death of the deceased plaintiff." (Emphasis supplied.)

Defendants, while admitting that *Hawkins* changed the law with respect to the applicability of MCL 600.5852 to medical malpractice actions, argue that the change does not extend to *all* medical malpractice actions but only to *some* such actions.

"A full reading of the *Hawkins* decision indicates clearly that the key determining factor in which whether or not MCL 600.5852 applies to a wrongful death/medical malpractice action is whether or not the action 'survives by law'. To determine this, the court must decide whether the death was instantaneous or non-instantaneous. *If the death is instantaneous, the action does not survive by law and MCL 600.5852 is inapplicable.* If the death is non-instantaneous, the opposite is true.

"*The present case involves an instantaneous death.*

"Plaintiff-appellant's complaint charges malpractice against both defendants relative to a surgical operation performed in January, 1976. *As noted previously, however, the date of last treatment and date of death was April 29, 1976.* For the purposes of the statute of limitations, *the alleged malpractice must be construed to be continuing up to and including the date of last treatment. Indeed, the alleged malpractice in this case must be construed to be continuing from the time of the surgery in January, 1976, to the moment of death on April 29, 1976.* Thus, this case presents a situation of instantaneous death, the exact type of situation in which *Hawkins* held that MCL 600.5858 would not apply." (Emphasis supplied.)

Defendants are correct in their assertion that *Hawkins* and the instant case are distinguishable

in that in *Hawkins* the deceased lived some nine months after the date of last treatment, whereas Mrs. Ortiz died on the date of last treatment. Because Hawkins survived the last date of treatment, Justice RYAN, writing for the majority, first found that the suit for damages was in the nature of actions formally brought under the former survival act and which now must be brought under MCL 600.2922; MSA 27A.2922 and "which is governed by the limitations provisions applicable to medical malpractice". *Hawkins,* pp 437-438. After noting that "absent any saving or tolling provision, the action would be untimely if brought any time after April 29, 1977", Justice RYAN proceeded to hold that § 5852 applied and extended the time to bring suit to two years from the date of issuance of letters testamentary.

"As indicated above, although the post-1939 death act encompasses a class of actions formerly brought under the survival act, we are not persuaded that the essential character of those actions has changed. *Any time wrongful conduct results in non-instantaneous death,* the claim prosecuted by an appropriate representative is a survival action enhanced by the broader measure of damages in the current death act. It survives by law the decedent's death pursuant to MCL 600.2921; MSA 27A.2921. There is no reason to doubt, as recognized by the *Janes* court, that statutory references to actions surviving by law include those actions brought under MCL 600.2922; MSA 27A.2922 for non-instantaneous death resulting from wrongful conduct. *Therefore, MCL 600.5852; MSA 27A.5852 operates to extend the time in which to bring such suits.* That statute, quoted above, gives the fiduciary an additional two years from the date of issuance of letters testamentary in which to bring suit provided that, in any event, the fiduciary brings suit not more than three years after the limitations period has run.

\* \* \*

"Our holding today runs contrary to that in *Rhule v Armstrong, supra,* and insofar as it does, we overrule *Rhule."* *Hawkins,* pp 438-439. (Emphasis supplied.)

The problem in the instant case is the lack of sufficient facts to determine whether death was "instantaneous" as that term was construed under the former wrongful death act, 1848 PA 38, or whether there was a period of survival under the survival act, 1897 PA 148.[2] For a discussion of the distinction between the two statutes, see *Crook v Eckhardt,* 281 Mich 703; 275 NW 739 (1937). Neither the statement of facts in the briefs on appeal from the trial court nor the briefs on remand contain any facts other than a statement "that as a result of the malpractice of the defendants in the care and treatment of Rosalinda Ortiz, she died on April 29, 1976, which was the last day she was treated by both defendants". From this skeletal statement we are unable to determine whether death was instantaneous. We disagree with defendants' conclusional statement, recited above, that because death occurred on the same day as the last treatment by both defendants, death was "instantaneous". It is quite possible the deceased lingered on several hours after last being seen by Dr. Ferris. However, we do agree with defendants' analysis of the scope of the Supreme Court's decision in *Hawkins, supra.* Clearly, under the majority opinion, the tolling provisions of § 5852 do not extend the two-year period of limitation where death is "instantaneous". Whether death was "in-

---

[2] The "Death Act" was enacted in 1848 and remained unchanged until amended in 1938. 1929 CL 14061. The "Survival Act" was first enacted in 1846 (1846 Rev Stats, ch 101, § 5), was amended by 1885 PA 113 and 1897 PA 148 to include injuries caused by negligence and as so amended is found in 1929 CL 14040. The two acts were combined upon passage of a new wrongful death act, 1939 PA 297.

stantaneous" in the instant case has yet to be decided.

Accordingly, we remand to the trial court for such proceedings as may be necessary to determine whether Rosalinda Ortiz's death was "instantaneous". If the trial court determines such to be the case, then the trial court's grant of accelerated judgment is reaffirmed with costs to defendants. If the trial court shall decide that the claim is a survival-type action, the grant of accelerated judgment shall be set aside with costs to plaintiff. This Court retains jurisdiction.

Remanded for further proceedings in accordance with this opinion.