SHAWL v DHITAL

Docket Nos. 144823, 145041, 146016, 148128. Submitted July 8, 1994, at Lansing. Decided January 5, 1995; approved for publication March 10, 1995, at 9:10 A.M.

Roy Shawl, as personal representative of the estate of Geoffrey E. Shawl, deceased, brought a medical malpractice action in the Bay Circuit Court against Pradeep P. Dhital, M.D., and others. The court, Lawrence M. Bielawski, J., granted summary disposition for defendants Dhital, Doug Pratt, M.D., doing business as BPS/Tri-County Medical Laboratory, and Robert H. Chatfield, D.O., individually, and doing business as Beecher Pathologists, P.C. The court denied a motion for summary disposition by defendant Robert K. Hafford, M.D. The plaintiff brought separate appeals from the orders regarding Dr. Dhital (Docket No. 144823), Dr. Pratt and BPS/Tri-County (Docket No. 145041), and Dr. Chatfield and Beecher Pathologists (Docket No. 148128). Dr. Hafford appealed by leave granted from the order denying his motion for summary disposition (Docket No. 146016). The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The plaintiff's claims were not filed within the periods of limitation provided in MCL 600.5838a(2); MSA 27A.5838(1)(2) and MCL 600.5852; MSA 27A.5852. The trial court properly granted summary disposition with regard to Docket Nos. 144823, 145041, and 148128.

2. The trial court erred in Docket No. 146016 in denying Dr. Hafford's motion for summary disposition. The claim against Dr. Hafford was not filed within the applicable period of limita-

REFERENCES

Am Jur 2d, Limitation of Actions §§ 194, 488; Physicians, Surgeons, and Other Healers §§ 319, 321.

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

Time from which statute of limitations begins to run against cause of action for wrongful death. 97 ALR2d 1151.

Medical malpractice: statute of limitations in wrongful death action based on medical malpractice. 70 ALR4th 535.

tion. The order denying Dr. Hafford's motion must be reversed and the matter must be remanded to the trial court.

Affirmed in part, reversed in part, and remanded.

1. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE — POSSIBLE CAUSE OF ACTION.

The period of limitation for medical malpractice claims is two years after the act or omission that is the basis for the claim, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim; however, where the injury is not immediately apparent, the action may be commenced within the two-year statutory period or within six months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later; the plaintiff is deemed to be aware of a possible cause of action when the plaintiff becomes aware of an injury and its possible cause (MCL 600.5805[4], 600.5838a[1],[2]; MSA 27A.5805[4], 27A.5838[1][1],[2]).

2. LIMITATION OF ACTIONS — MEDICAL MALPRACTICE.

Whether a medical malpractice claim is barred by the applicable statute of limitations is to be determined by the trial court in the absence of disputed facts.

3. LIMITATION OF ACTIONS — WRONGFUL DEATH.

The tolling provision applicable to actions for wrongful death extends the time in which to file an action where a person has died before the period of limitation has run or within thirty days after the period has run (MCL 600.5852; MSA 27A.5852).

*Rifkin & Kingsley, P.C.* (by *Judith R. Herman*), for the plaintiff.

*Cline, Cline & Griffin* (by *Earl J. Cline* and *Jose T. Brown*), for Robert K. Hafford, M.D.

*Kaufman & Payton* (by *Donald L. Payton* and *Mary K. Kator*), for Doug Pratt, M.D., doing business as BPS/Tri-County Medical Laboratory.

*Denenberg, Tuffley, Bocan, Jamieson, Black & Hopkins* (by *William G. Jamieson* and *Dana L. Ramsay*), for Robert H. Chatfield, D.O., individually, and doing business as Beecher Pathologists, P.C.

*Smith & Martin, P.C.* (by *Jonathan C. Martin*), for Pradeep P. Dhital, M.D.

*Fordney & Dust, P.C.* (by *J. Michael Fordney*), for Continental Bio-Clinical Laboratory Service, Inc., and Nadia O. Metwalli, M.D.

Before: GRIFFIN, P.J., and MACKENZIE and F. X. O'BRIEN,[*] JJ.

PER CURIAM. These consolidated appeals arise out of plaintiff's medical malpractice action alleging that the death of the decedent, Geoffrey Shawl, resulted from the misdiagnosis of his cancer in 1983 and 1986. In Docket No. 144823, plaintiff appeals as of right from an order of the circuit court granting for defendant Pradeep P. Dhital, M.D., summary disposition pursuant to MCR 2.116(C)(7). In Docket No. 145041, plaintiff appeals as of right from an order of the circuit court granting summary disposition for defendant Doug Pratt, M.D., doing business as BPS/Tri-County Medical Laboratory. In Docket No. 148128, plaintiff appeals as of right from an order of the circuit court granting summary disposition for defendants Robert H. Chatfield, D.O., individually, and doing business as Beecher Pathologists, P.C. Finally, in Docket No. 146016, defendant Robert K. Hafford, M.D., appeals by leave granted from an order of the circuit court denying his motion for summary disposition. We affirm in part, reverse in part, and remand the action to the trial court.

In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), we must accept plaintiff's well-pleaded allegations as true, *Simmons v Apex Drug Stores, Inc*, 201 Mich App 250, 252; 506 NW2d 562 (1993); *Bonner v Chicago Title*

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

*Ins Co,* 194 Mich App 462, 469; 487 NW2d 807 (1992), and consider all the documentary evidence submitted by the parties, MCR 2.116(G)(5). The motion should not be granted, however, if there are disputed factual issues concerning when discovery of the claim occurred, or reasonably should have occurred. *Simmons, supra* at 254; *Griffith v Brant,* 177 Mich App 583, 587; 442 NW2d 652 (1989).

The applicable statutory period of limitation for medical malpractice claims is two years after the "act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5805(4); MSA 27A.5805(4) and MCL 600.5838a(1); MSA 27A.5838(1)(1). However, in those cases in which an injury is not immediately apparent, MCL 600.5838a(2); MSA 27A.5838(1)(2) allows a plaintiff to commence an action within the two-year statutory period of limitation or "within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later." Here, plaintiff asserts that the trial court erred in ruling that his January 3, 1990, complaint against defendants Dhital, Pratt, BPS/Tri-County, Chatfield, and Beecher was untimely. Because these claims arose out of Dr. Dhital's alleged misdiagnosis of the decedent's biopsy sample in June 1986, plaintiff contends that a factual dispute exists concerning when the decedent discovered the claims.

In addressing plaintiff's argument, we note that our Supreme Court recently clarified the appropriate standard for the discovery rule in *Moll v Abbott Laboratories,* 444 Mich 1; 506 NW2d 816 (1993). See also *Gebhardt v O'Rourke,* 444 Mich 535, 544; 510 NW2d 900 (1994). In *Moll,* the Court adopted the "possible cause of action" standard.

Under this test, a plaintiff is deemed to be aware of a possible cause of action when he becomes aware of an injury and its possible cause. *Id.* at 24. Further, the Court also concluded that in the absence of disputed facts, the question whether a claim is barred by the statute of limitations can be determined by the trial court. *Id.* at 26.

After applying the above principles, we are convinced that plaintiff's claims were not filed timely for purposes of MCL 600.5838a(2); MSA 27A.5838(1)(2). The uncontroverted deposition testimony of the decedent's father, plaintiff Roy Shawl, reveals that in June 1988, he and his son discussed his son's medical condition. Plaintiff learned from his son that his son's cancer had spread since he first sought medical treatment in 1983, and that his 1983 and 1986 biopsies allegedly had been misdiagnosed. In light of this testimony, it is clear that the decedent knew or should have known that a possible cause of the spread of his cancer was the alleged misdiagnosis by Dr. Dhital in 1986. Accordingly, under the discovery rule, the lawsuit had to have been filed before January 1989. Because the lawsuit was filed on January 3, 1990, plaintiff's claims are barred by the statute of limitations.

We also reject plaintiff's claim that his lawsuit was filed timely under the wrongful death tolling provision. MCL 600.5852; MSA 27A.5852 extends the time in which to file suit in a case in which a person has died before the period of limitation has run or within thirty days after the period has run. See, e.g., *Hawkins v Regional Medical Laboratories, PC,* 415 Mich 420, 438; 329 NW2d 729 (1982); *Ortiz v Ferris,* 128 Mich App 776, 778; 341 NW2d 215 (1983). Here, the period of limitation expired, at the latest, in December 1988. Plaintiff's decedent died on August 2, 1989. Because the death of

plaintiff's decedent occurred more than thirty days after the statutory period ended, MCL 600.5852; MSA 27A.5852 did not extend the time to file the decedent's claims. The trial court did not err in granting summary disposition.

Turning now to defendant Hafford's consolidated appeal, we conclude that the trial court erred in denying his motion for summary disposition pursuant to MCR 2.116(C)(7). On appeal, Dr. Hafford asserts that plaintiff's malpractice claims alleging that he failed to perform properly the biopsies and provide necessary information for their accurate diagnosis were barred by the statute of limitations. Specifically, Dr. Hafford claims that the decedent knew or should have known of his claims against Dr. Hafford in June 1988, at the latest, when it is undisputed that he was aware that both of his biopsies were misdiagnosed. Therefore, Dr. Hafford contends that plaintiff's amended complaint filed on October 1, 1990, was untimely.

In contrast, plaintiff argues that the earliest Dr. Hafford's negligence could have been discovered was during the doctor's deposition on May 31, 1990, and during the depositions of Dr. Dhital and Dr. Metwalli taken later that year. Dr. Dhital testified that Dr. Hafford did not provide crucial information necessary to the proper diagnosis of the biopsy sample, including the site from which the specimen was taken, the patient's age, or that Dr. Hafford himself suspected cancer. Further, Dr. Metwalli testified that Dr. Hafford failed to perform properly the biopsies and withheld crucial information necessary to an accurate diagnosis. In essence, plaintiff claims that because of the complex nature of these claims, the decedent could not have discovered these claims until after the depositions.

However, plaintiff's argument misapprehends

the "possible cause of action" standard for the discovery rule in *Moll, supra.* Under this test, a claimant is deemed aware of a cause of action when the claimant has knowledge of an injury and its "possible" cause, thus encouraging claimants to investigate diligently and pursue causes of action in harmony with the policies underlying the statute of limitations. Consistent with this rationale, a claimant need not be aware of " 'the details of the evidence by which to establish his cause of action.' " *Id.* at 24, quoting *Kroll v Vanden Berg,* 336 Mich 306, 311; 57 NW2d 897 (1953).

Here, it is undisputed that plaintiff's decedent knew, at the latest, in June 1988 that his 1983 and 1986 biopsies had been misdiagnosed. Further, it is also undisputed that plaintiff's decedent knew that both of the biopsies were performed by Dr. Hafford and that he was responsible for sending the samples to be reviewed by the outside laboratories. Accordingly, given Dr. Hafford's intimate involvement with the misdiagnosed samples, the decedent knew or with reasonable diligence should have known of his "possible" claims against Dr. Hafford, at the latest, in June 1988. Thus, plaintiff's failure to file suit by January 1989 bars his claims against Dr. Hafford.

In light of our disposition of Dr. Hafford's appeal, we need not address his remaining issue on appeal.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.