BOWERS v BOWERS

Docket No. 177307. Submitted March 12, 1996, at Detroit. Decided May 7, 1996, at 9:10 A.M.

France O. Bowers brought an action in the Wayne Circuit Court against Darralyn C. Bowers, seeking to enforce a judgment of divorce entered by the court. Pursuant to the judgment of divorce, the defendant was obligated to make monthly payments to the plaintiff. The defendant failed to make any payments on the debt. Shortly after the divorce, the defendant was indicted in federal court on charges of racketeering and mail fraud, and her assets were frozen. The defendant was convicted and incarcerated. When the defendant was released from custody, she filed a petition for voluntary Chapter 7 bankruptcy. The plaintiff contested the petition and the bankruptcy court entered an order ruling that a portion of the defendant's obligation to the plaintiff was nondischargable. The plaintiff then commenced this action in the circuit court to recover the nondischargable portion of the defendant's obligation under the judgment of divorce. The defendant sought summary disposition, alleging that the action was barred by the ten-year period of limitation and by laches. The plaintiff contended that his complaint was filed timely within the thirty-day grace period following the order of the bankruptcy court pursuant to 11 USC 108(c). The trial court, Paul S. Teranes, J., accepted the plaintiff's argument that the Federal Rules of Civil Procedure govern the time computation for the filing of the plaintiff's complaint. Applying the federal rules, the trial court denied the defendant's motion for summary disposition, ruling that the plaintiff's complaint was filed timely within the thirty-day extension period. The defendant appealed by leave granted.

The Court of Appeals *held*:

1. The filing of the plaintiff's complaint to enforce the judgment is controlled by the time computation rules of the Michigan Court Rules of 1985, not the Federal Rules of Civil Procedure. The trial court erred in using the time computation rules of the Federal Rules of Civil Procedure to determine whether this state action was filed timely.

2. The plaintiff's cause of action is based on the laws of this state. The state statute of limitations for the enforcement of a judgment is controlling, and the Michigan Court Rules must be used to determine when the limitation period expires. Federal law affects this case only by adding a savings feature that grants a brief extension of the state period of limitation. Because the savings provision acts as an extension of the state period of limitation, not as an independent limitation period, the state, not the federal, time computation rules apply to the filing of the plaintiff's complaint. The trial court erred in applying the Federal Rules of Civil Procedure to determine whether the plaintiff had filed his complaint within the extended period of limitation.

Reversed and remanded.

LIMITATION OF ACTIONS — CONFLICT OF LAWS — TIME COMPUTATION RULES.

A circuit court action that seeks to enforce a judgment of divorce issued by the court is based on the laws of the state; the state statute of limitations applicable to the enforcement of the judgment is controlling, and the Michigan Court Rules must be used to determine when the limitation period expires; where a federal law affects the case by adding a savings feature that grants a brief extension of the state period of limitation, the savings provision acts as an extension to the state period of limitation, not as an independent limitation period, and the state, not the federal, time computation rules apply to the determination whether the plaintiff filed the complaint within the extended period of limitation.

*Chirco, Herrinton, Runstadler, Thomas & Morgan* (by *M. Susan Murnane*) for the plaintiff.

*Benjamin Whitfield, Jr. & Associates* (by *Benjamin Whitfield, Jr.*), for the defendant.

Before: MURPHY, P.J., and GRIFFIN and E. R. POST,* JJ.

GRIFFIN, J. This is a Wayne Circuit Court action to enforce a 1982 judgment of divorce. Defendant appeals by leave granted an order denying her motion for summary disposition brought pursuant to MCR

---

* Circuit judge, sitting on the Court of Appeals by assignment.

2.116(C)(7). We reverse the ruling of the lower court and remand for further proceedings. In doing so, we hold that the filing of plaintiff's complaint to enforce the judgment is controlled by the time computation rules of the Michigan Court Rules of 1985, not the Federal Rules of Civil Procedure (FRCP).

I

Pursuant to a judgment of divorce entered on September 3, 1982, defendant was obliged to pay plaintiff $305,000 in monthly installments. Defendant failed to make any payments on this debt. Shortly after the divorce, defendant was indicted in federal court on charges of racketeering and mail fraud. As a result of the indictment, defendant's assets were frozen. Defendant was ultimately convicted of one count under the racketeer influenced and corrupt organizations (RICO) statute, 18 USC 1962(c), one RICO conspiracy count, 18 USC 1962(d), and four mail fraud violations, 18 USC 1341. Thereafter, she was incarcerated from June 1988 through September 1990.[1] In November 1990, defendant filed a petition for voluntary Chapter 7 bankruptcy. Plaintiff filed an adversary proceeding in defendant's bankruptcy action, objecting to the discharge of the debt created by the judgment of divorce. On November 18, 1993, the bankruptcy court entered an order ruling that $124,093.05 of defendant's obligation to plaintiff was nondischargable.[2]

---

[1] Defendant's. conviction was affirmed in *United States v Bowers*, 828 F2d 1169 (CA 6, 1987).

[2] The bankruptcy court's ruling was premised on 11 USC 523(a)(6), which provides that a debt created by "willful and malicious" injury to the creditor may not be discharged. The ruling of the bankruptcy court was affirmed by a federal district court.

Plaintiff commenced the present action to recover the nondischargable portion of defendant's obligation under the 1982 judgment of divorce. Plaintiff's complaint was accepted and date stamped by the court clerk on December 22, 1993.

In lieu of answering, defendant moved for summary disposition on the grounds that plaintiff's action was barred by the ten-year statute of limitations, see MCL 600.5809(3); MSA 27A.5809(3), and by latches. Plaintiff opposed the motion, contending that his complaint was timely filed within the thirty-day grace period[3] following the November 18, 1993, bankruptcy order. Plaintiff advanced two separate arguments in support of his position. First, he claimed that the December 22, 1993, filing was timely when the thirty-day extension is calculated according to the time computation rules of the FRCP.[4] Second, plaintiff

---

[3]   11 USC 108(c) provides:

Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period had not expired before the date of the filing of the petition, then such period does not expire until the later of —

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

[4] According to plaintiff's calculations, the thirty-day period technically ended on December 18, 1993; however, because December 18 was a weekend day, the end of the period was extended to Monday, December 20, 1993. In addition, plaintiff relied on the FRCP grant of three extra days to any deadline when the notice that begins the deadline is sent by mail. Therefore, plaintiff argued that when three days are added to December, 20, 1993, the actual end of the thirty-day period was December 23, 1993.

argued that the actual date the complaint was filed is a disputed question of fact.[5] We express no opinion concerning the second issue because it was not ruled on by the lower court. As a general rule, appellate review is limited to issues decided by the trial court. *Young v Young*, 211 Mich App 446, 457, n 2; 536 NW2d 254 (1995); *Schubiner v New England Ins Co*, 207 Mich App 330, 331; 523 NW2d 635 (1994).

The lower court accepted plaintiff's argument that the FRCP govern the time computation for the filing of plaintiff's complaint. Applying the federal procedure rules, the circuit court denied defendant's motion, ruling that the plaintiff's complaint was timely filed within the thirty-day extension period. Defendant now appeals by leave granted, and we reverse and remand.

II

On appeal, defendant contends that the trial court erred in using the FRCP time computation rules to determine whether this state action was timely filed. We agree. In reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), we must accept plaintiff's well-pleaded allegations as true, *Shawl v*

---

[5] Plaintiff's complaint was date stamped by the court clerk on December 22, 1993. However, according to plaintiff, there exists a factual dispute whether the complaint was actually filed at an earlier date. In response to defendant's motion for summary disposition, plaintiff submitted an affidavit signed by plaintiff's counsel's secretary stating that the complaint was originally mailed to the court clerk on December 10, 1993. According to the affidavit, the complaint was returned because the case-type code was inadvertently omitted. The affidavit alleges that the omission was rectified and the complaint was resubmitted by mail early in the week of December 13, 1993. However, the affidavit states that the complaint was returned once again. The affidavit further claims that plaintiff's counsel's secretary called the court clerk and was informed that the complaint fully complied with the pertinent filing requirements and had been returned erroneously. The unchanged complaint was again mailed to the court. This time the complaint was accepted and date stamped on December 22, 1993.

*Dhital,* 209 Mich App 321, 323; 529 NW2d 661 (1995), and consider all the documentary evidence the parties have submitted, MCR 2.116(G)(5).

It is undisputed that Michigan's ten-year period of limitation on the enforcement of the divorce judgment, MCL 600.5809(3); MSA 27A.5809(3), had expired at the time that federal bankruptcy law imposed a stay on claims against defendant's assets. See 11 USC 362(c)(2)(C). Further, plaintiff had "30 days after notice of the termination or expiration of the stay" to commence this action to enforce defendant's obligations under the 1982 judgment of divorce. See 11 USC 108. Finally, the parties agree that the thirty-day period began on November 18, 1993, the date a federal bankruptcy court ruled that a portion of defendant's obligation to plaintiff under the judgment of divorce was nondischargable. See *In re Embry,* 10 F3d 401 (CA 6, 1993).

If December 22, 1993, is the date that the complaint was filed, it is clear that the filing was untimely under the Michigan Court Rules of 1985.[6] However, plaintiff claims that the FRCP should be employed to calculate the thirty-day extension to Michigan's period of limitation. Plaintiff further contends that December 22, 1993, is within the extension if the FRCP are used to

---

[6] MCR 1.108 provides, in part:

In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:

(1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or holiday on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or holiday on which the court is closed pursuant to court order.

calculate the thirty-day period. Thus, the dispute involves the propriety of applying federal court rules to calculate a federally-imposed extension of a state period of limitation.

In *Erie R Co v Tompkins*, 304 US 64, 78; 58 S Ct 817; 82 L Ed 1188 (1938), the United States Supreme Court held that "[e]xcept in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." In essence, *Erie* stands for the proposition that the legal rules that determine the outcome of a particular transaction should not change simply because the action is filed in a state or federal court. *Hanna v Plumer*, 380 US 460, 467; 85 S Ct 1136; 14 L Ed 2d 8 (1965); *Guaranty Trust Co of New York v York*, 326 US 99, 109; 65 S Ct 1464; 89 L Ed 2079 (1945).

In *Guaranty Trust*, the Supreme Court held that a state statute of limitations is intricately connected with a cause of action, and must, therefore, be applied by a federal court in diversity cases. Further, in *Walker v Armco Steel Corp*, 446 US 740; 100 S Ct 1978; 64 L Ed 2d 659 (1980), the Supreme Court reaffirmed its holding in *Ragan v Merchants Transfer & Warehouse Co*, 337 US 530; 69 S Ct 1233; 93 L Ed 1520 (1949), and held that a federal court in a diversity action must follow the state law for determining when the action is commenced for purposes of satisfying the state statute of limitations. Thus, the Court in *Walker* instructed that state rules for time computation must be used to determine the expiration date of a state period of limitation even when the action is filed in federal court. In *Alonzo v ACF Property Management, Inc*, 643 F2d 578, 581 (CA 9, 1981), the Ninth Circuit Court of Appeals held that a federal

court presiding over a diversity action may not apply the computation of time provision contained in Rule 6(a) of the FRCP, the effect of which would have tolled the statute of limitations, because "[c]omputation of time provisions, like the commencement of action provisions involved in *Ragan* and *Armco Steel*, are 'an integral part of the statute of limitations.' "

We agree with these federal authorities. We find the federal holdings to be persuasive and dispositive in this corollary state action.

III

In the present case, plaintiff seeks to enforce a judgment of divorce that was issued by a Michigan court. Thus, contrary to plaintiff's argument that this matter is governed by federal bankruptcy law, plaintiff's cause of action is based on the laws of the State of Michigan. Therefore, the Michigan statute of limitations for the enforcement of a judgment is controlling, and the Michigan Court Rules must be used to determine when the limitation period expires. Federal law affects this case only by adding a savings feature that grants a brief extension of the Michigan period of limitation. See *Raikes v Langford*, 701 SW2d 142, 145 (Ky App, 1985). Because the savings provision acts as an extension to the Michigan period of limitation, not as an independent limitation period, we hold that state, not federal, time computation rules apply to the filing of plaintiff's complaint. Plaintiff cites no relevant authority to compel a contrary result. Accordingly, the trial court erred in applying the FRCP to determine whether plaintiff had filed his complaint within the extended period of limitation.

On the basis of our resolution of this issue, we need not address the question whether the trial court improperly construed the FRCP time computation rules.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.