FRANKLIN D. GRAY ET AL. v. ROBERT N. YORK ET AL.

*Error—Order for dissolution of attachment.*

Proceedings to dissolve an attachment are collateral to the main suit, and a commissioner's order dissolving it is interlocutory only, releasing the property from the lien of the writ; it is not a judgment, nor is an order of the court affirming it on *certiorari*.

Error does not lie on the affirmance by the circuit court of a commissioner's order dissolving an attachment; the order only determines the right to the lien, and a writ of error based upon it would not affect the judgment actually given on the merits.

Error to Muskegon. Submitted October 8. Decided October 20.

ASSUMPSIT. Plaintiff brings error. Case dismissed.

*L. N. Keating* for plaintiffs in error.

*Smith, Nims, Hoyt & Erwin* for defendants in error. Error does not lie to review proceedings not after the course of the common law unless such remedy is expressly provided : *Cross v. People* 8 Mich. 113 ; *Jackson v. People* id. 262 ; *Conrad v. Button* 28 Mich. 365 ; *Cameron v. Bentley* id. 520 ; *Fletcher v. Clark* 39 Mich. 374 ; *Townsend v. Tudor* 41 Mich. 263 ; as where questions of fact in the cir-

cuit are involved: *Parker v. Copland* 4 Mich. 528 ; *Baptist Missionary Union v. Peck* 9 Mich. 445 ; and where the question involved is that of jurisdiction: *Thompson v. School District* 25 Mich. 483 ; *Taylor v. St. Clair Circuit Judge* 32 Mich. 95 ; *Robens v. Videto* 33 Mich. 240 ; *Stall v. Diamond* 37 Mich. 429 ; it does not lie to review merely special or statutory proceedings: *Heyn v. Farrar* 36 Mich. 258.

COOLEY, J. Plaintiffs in this court were plaintiffs in an attachment suit in the circuit court for the county of Muskegon, in which the property of defendants was seized and held. Defendant York applied to a circuit court commissioner for a dissolution of the attachment, and its dissolution was ordered. Plaintiffs thereupon removed the proceedings to the circuit court by common law writ of *certiorari*, and that court affirmed the commissioner's order. Plaintiffs then brought error. Meantime the suit in which the property was attached has gone on to judgment, on personal service of process on one of the defendants.

Does error lie in such a case? We think not. The proceeding to dissolve the attachment was collateral to the main controversy, and was in the nature of a motion heard and disposed of at chambers. Its decision by the commissioner was not a judgment, but was an interlocutory order, releasing property from the lien of the writ, but not disturbing the regular and ordinary proceedings in the case. So the affirmance of that order was no judgment. Nothing was finally determined but the right to the lien, and the judgment actually given on the merits in the court below remains undisturbed and unaffected by this writ.

The case must be dismissed with costs.

The other Justices concurred.