WITT v SEABROOK

.Docket No. 153615. Submitted March 9, 1995, at Lansing. Decided
April 28, 1995, at 9:10 A.M.

Tamara Witt brought an action in the Clinton Circuit Court
against Maitland Seabrook, seeking to recover, pursuant to the
Family Support Act, MCL 552.451 *et seq.*; MSA 25.222(1) *et
seq.*, the cost of hospital confinement related to her delivery of
a child fathered by the defendant. The costs had been covered
by Medicaid, and the defendant, after meeting with a Depart-
ment of Social Services investigator, had acknowledged pater-
nity and agreed to pay child support and the confinement costs.
The plaintiff had assigned her rights under the support agree-
ment to the Department of Social Services. The court, Timothy
M. Green, J., ordered the defendant to reimburse the DSS for
the confinement costs. The defendant appealed.

The Court of Appeals *held:*

Support as defined in the Family Support Act, MCL
552.452(2); MSA 25.222(2)(2), includes confinement expenses.

1. Although the Family Support Act does not expressly
include confinement expenses in its definition of "support," the
Paternity Act, MCL 722.717(2); MSA 25.497(2), states that
support payments must include confinement costs. Because the
acts have the common purpose of encouraging parents to
support their children instead of relying on public assistance,
the acts must be read in pari materia to provide that the
confinement expenses in this case are part of the support that
the defendant could be ordered to pay.

2. Federal law, which the defendant claims bars his reim-
bursement of the DSS, does not alter state law with regard to
the right of the DSS to collect money under an assignment
signed by a Medicaid recipient.

3. The support agreement relating to confinement costs is
binding on the defendant in the absence of an allegation of
fraud, mutual mistake, or duress.

Affirmed.

REFERENCES
Am Jur 2d, Bastards §§ 68, 70.
See ALR Index under Legitimacy of Children.

SOCIAL SERVICES — MEDICAID — HOSPITAL CONFINEMENT FOR CHILD-
   BIRTH — FAMILY SUPPORT ACT — PATERNITY ACT.
   Child support that a noncustodial father may be ordered to pay
   pursuant to the Family Support Act includes the costs incurred
   for hospital confinement of the mother during childbirth where
   those costs were paid by Medicaid and the father acknowledged
   paternity and agreed to pay support and confinement costs
   (MCL 552.452[2], 722.717[2]; MSA 25.222[2][2], 25.497[2]).

*Charles D. Sherman,* Prosecuting Attorney, and
*Mary C. Pino,* Chief Assistant Prosecutor, for the
plaintiff.

Legal Aid of Central Michigan (by *Daniel Bam-
bery*), for the defendant.

Before: DOCTOROFF, C.J., and CAVANAGH and
SMOLENSKI, JJ.

DOCTOROFF, C.J. The trial court ordered defen-
dant-father to reimburse the Department of Social
Services for the plaintiff-mother's hospital confine-
ment expenses during the birth of their child.
Defendant argues that the trial court had no
authority to order this relief and that the order
was contrary to established law. We affirm.

Plaintiff gave birth on December 7, 1990. The
costs of plaintiff's hospital stay were paid by the
Medicaid program. Although plaintiff and defen-
dant were not married at the time, defendant
acknowledged his paternity and expressed a will-
ingness to support the child. Several weeks after
the birth of the baby, both plaintiff and defendant
met with an investigator from the prosecutor's
office working on a referral from the Department
of Social Services. The investigator testified that
he discussed a declaration of paternity and support
payments with plaintiff and defendant. He brought
a standard support agreement, which both plaintiff
and defendant signed. Defendant agreed to pay

$15 a month in support payments. The agreement also provided that defendant would pay an undetermined amount of confinement costs. Defendant acknowledges signing the agreement for paternity and support, but he claims that he was never aware that he would be required to pay the medical expenses for plaintiff's hospital confinement. Two months after signing the support order, defendant married plaintiff.

The friend of the court, on behalf of the Department of Social Services, filed a petition for modification of judgment to specify the amount of confinement costs and to establish a payment plan. Under the terms of the support agreement, the Department of Social Services was plaintiff's assignee. Defendant filed a motion to dismiss on the ground that the Department of Social Services had no authority to collect confinement expenses. The trial court ordered defendant to pay the confinement expenses.

Defendant argues that the trial court exceeded its jurisdiction when it ordered him to pay plaintiff's confinement costs pursuant to the Family Support Act, MCL 552.451 *et seq.*; MSA 25.222(1) *et seq.* The Family Support Act allows a custodial parent to bring an action for support against a noncustodial parent. MCL 552.451a; MSA 25.222(1a). Support is defined as the payment of medical, dental, and other health care, child care, and educational expenses. MCL 552.452(2); MSA 25.222(2)(2).

Defendant maintains that the statutory definition of support does not include a mother's confinement expenses. We disagree.

Normally, § 1b of the Family Support Act allows the Department of Social Services to recover confinement expenses if either the custodial parent or the minor child receives public assistance. MCL

552.451b; MSA 25.222(1b). Because the original petition was filed by plaintiff and not the Department of Social Services, § 1b does not apply. Even if the case is reviewed as of the time when the friend of the court attempted to set up a payment plan and establish confinement expenses, § 1b still does not apply because neither the custodial parent nor the child was on public assistance at that time.

Although the Family Support Act does not expressly indicate that confinement expenses are included in the definition of support, the Paternity Act states that support payments by the father include confinement costs. MCL 722.717(2); MSA 25.497(2). When two statutory provisions have a common purpose, the terms of the provisions should be read in pari materia. The object of the rule of in pari materia is to carry into effect the purpose of the Legislature as found in harmonious statutes on a subject. *Jennings v Southwood,* 446 Mich 125, 136; 521 NW2d 230 (1994). The Paternity Act has always been intended to both provide for the financial support of children and spare the public from providing that financial support. *Waite v Washington,* 44 Mich 388, 389; 6 NW 874 (1880). The Family Support Act also attempts to keep the public from having to support children whose parents are able to provide some financial support. MCL 552.451b; MSA 25.222(1b). Because the Family Support Act and the Paternity Act share the common purpose of encouraging parents to support their children instead of relying on public assistance, these statutes should be read in pari materia. Therefore, we hold that support, as defined in the Family Support Act, includes confinement expenses.

Defendant also argues that, pursuant to federal law, defendant may not reimburse the Department

of Social Services. Federal law does not alter state law with regard to the right of the Department of Social Services to collect money under an assignment signed by the recipient of Medicaid benefits. *Morrow v Shah,* 181 Mich App 742, 751; 450 NW2d 96 (1989).

Although defendant claims that he did not read the section of the support agreement relating to confinement, he did not allege fraud, mutual mistake, or duress. Therefore, the agreement is still binding on him. *Sherman v DeMaria Bldg Co,* 203 Mich App 593, 599; 513 NW2d 187 (1994). We find that the trial court properly enforced the support agreement and ordered defendant to pay confinement costs.

Affirmed.