LINDSEY v HARPER HOSPITAL

Docket No. 169456. Submitted April 20, 1995, at Detroit. Decided
     September 15, 1995, at 9:15 A.M. Leave to appeal sought.

     Lanya Lindsey, as personal representative of the estate of Caro-
     lyn R. Lindsey, deceased, brought a wrongful death action in
     the Wayne Circuit Court against Harper Hospital, and others,
     alleging medical malpractice. Lanya Lindsey had been ap-
     pointed temporary personal representative of the estate on
     September 14, 1990, and personal representative of the estate
     on October 9, 1990. Letters of authority, identical in all rele-
     vant respects, were issued at the time of each appointment.
     Harper Hospital moved for summary disposition, alleging that
     the plaintiff's action, filed on October 1, 1992, was barred by
     the statute of limitations because it had not been filed within
     two years after the plaintiff was appointed temporary personal
     representative. The court, Roland L. Olzark, J., denied the
     motion and certified the question involved for appeal. Harper
     Hospital appealed by leave granted.

     The Court of Appeals held:

     The two-year period of limitation contained in MCL 600.5852;
     MSA 27A.5852 began to run from the date the plaintiff was
     appointed temporary personal representative and given letters
     of authority. The plaintiff's action is barred by the statute of
     limitation contained in § 5852. The trial court erred in denying
     the hospital's motion for summary disposition.

     Reversed.

1. DECEDENTS' ESTATES — REVISED PROBATE CODE — WORDS AND
     PHRASES — PERSONAL REPRESENTATIVES — TEMPORARY PER-
     SONAL REPRESENTATIVES.

     The Revised Probate Code defines "personal representative" to
     include a temporary personal representative and provides that
     a temporary personal representative who later becomes the
     personal representative is accountable as though that person

REFERENCES

Am Jur 2d, Executors and Administrators §§ 7, 1160, 1246; Limita-
     tion of Actions § 195.
See ALR Index under Executors and Administrators.

had been the personal representative from the date of the person's appointment as temporary personal representative (MCL 700.175, 700.179; MSA 27.5175, 27.5179).

2. Decedents' Estates — Revised Probate Code — Temporary Personal Representatives — Actions.

The Revised Probate Code provides that a temporary personal representative may commence and maintain an action as a personal representative (MCL 700.175; MSA 27.5175).

3. Limitation of Actions — Wrongful Death Actions — Temporary Personal Representatives.

The Revised Judicature Act provides that if a person dies before an applicable period of limitation has run or within thirty days after the period has run, an action that survives at law may be commenced by the personal representative of the deceased person at any time within two years after letters of authority are issued although the period of limitation has run; the two-year period of limitation begins to run from the time that a temporary personal representative is appointed and given letters of authority (MCL 600.5852; MSA 27A.5852).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Richard D. Fox*), for the plaintiff.

*Dykema Gossett PLLC* (by *Daniel G. Wyllie* and *Kathleen McCree Lewis*), for Harper Hospital.

*Buesser, Buesser, Black, Lynch, Fryhoff & Graham, P.C.* (by *Charles D. Brown*), for Richard Lenaghan, M.D., and Richard Lenaghan, M.D., P.C.

*Grier & Copeland, P.C.* (by *Wilson A. Copeland*), for Robert Holmes, M.D., and Arbula, Asfaw & Holmes Cardiovascular & Thoracic Surgeons, P.C., an assumed name of Arbula & Asfaw Cardiovascular Surgeons, P.C.

Before: Holbrook, Jr., P.J., and Hoekstra and D. M. Beagle,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Defendant Harper Hospital appeals by leave granted an order denying summary disposition. We reverse.

I

On September 14, 1987, plaintiff's mother, decedent Carolyn Lindsey, was admitted to defendant hospital for cardiac surgery. Complications developed, and she died on January 8, 1988.

On September 14, 1990, plaintiff was appointed temporary personal representative of decedent's estate. Less than one month later, on October 9, 1990, plaintiff was appointed personal representative of the estate. Letters of authority, identical in all relevant respects, were issued at the time of each appointment. On October 1, 1992, plaintiff, as personal representative of decedent's estate, filed this suit alleging that defendant hospital and various physicians committed malpractice in connection with the treatment of decedent.

On July 14, 1993, defendant hospital moved for summary disposition pursuant to MCR 2.116(C)(7), alleging that plaintiff's claim was barred by the statute of limitations because it was not filed within two years after plaintiff was appointed temporary personal representative and issued letters of authority as required by MCL 600.5852; MSA 27A.5852.

Plaintiff, relying on the authority of *Szydelko v Smith's Estate*, 259 Mich 519; 244 NW 148 (1932), argued that the two-year period allowed in § 5852 did not commence when she was appointed temporary personal representative. Rather, it began running only after she was appointed personal representative on October 9, 1990. Thus, the suit filed on October 1, 1992, was timely filed.

Following a hearing, the trial court denied de-

fendant hospital's motion for summary disposition and certified the question involved for appeal.

II

A motion for summary disposition pursuant to MCR 2.116(C)(7) may be supported by affidavits, depositions, admissions, or other documentary evidence. *Patterson v Kleiman,* 447 Mich 429, 432; 526 NW2d 879 (1994). If such material is supplied, the trial court must consider it. *Id.* Otherwise, the trial court must review the plaintiff's complaint, accepting its well-pleaded allegations as true and construing them in a light most favorable to the plaintiff. *Turner v Mercy Hosps & Health Services of Detroit,* 210 Mich App 345; 533 NW2d 365 (1995). This Court reviews a summary disposition determination de novo as a question of law. *Id.*

III

At issue in this case is when the two-year period for commencing actions contained in § 5852, as amended, begins if a person who is later appointed personal representative is first appointed temporary personal representative.

For actions brought under the wrongful death statute, MCL 600.2922; MSA 27A.2922, the limitation period is governed by the provision applicable to the liability theory involved. *Turner, supra.* Here, plaintiff's theory of liability is medical malpractice and the suit must be commenced within two years of the last medical treatment provided by the defendant or within six months after the plaintiff discovers or should have discovered the claim, whichever is later. MCL 600.5838a(2); MSA 27A.5838(1)(2). However, because this is a wrongful death action, the following savings clause applies:

If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run. [MCL 600.5852; MSA 27A.5852.]

Relying on *Szydelko, supra,* plaintiff argues that the two-year period for filing suit contained in the above provision does not begin until letters of authority are given to the personal representative, regardless of when and if letters of authority are earlier given to a temporary personal representative. In *Szydelko,* the plaintiff's decedent was killed by a truck driven by an employee of Smith. Smith died several days after the accident. A special administrator, who could not be sued under the Probate Code then in effect, was appointed for Smith's estate. The plaintiff filed suit against the estate more than two years after the appointment of the special administrator, but less than two years after the general administrator received "letters testamentary or of administration."

The *Szydelko* Court stated the issue for resolution as whether "when a debtor dies after a cause of action accrues, the legislature intended the two-year limitation period to begin to run after the appointment of a special administrator or only after the issuing of letters to the general administrator or executor." 259 Mich 521. The Court's decision required it to interpret 1929 CL 13981, which stated, in pertinent part:

[A]nd if the cause of action does by law survive,

the action may be commenced by or against the
executor or administrator of the deceased person
. . . , as the case may be, at any time within two
years after granting letters testamentary or of
administration.

The *Szydelko* Court concluded that by using the
phrase "letters testamentary or of administration"
in § 13981, the Legislature did not intend to in-
clude the issuing of letters of special administra-
tion, and, therefore, the two-year limitation period
did not begin to run until a general administrator
or executor was appointed.

We find plaintiff's reliance on *Szydelko* to be
misplaced because it is distinquishable from the
instant case both by virtue of the nature of the
cause of action involved and the meaning of the
terms contained in the underlying statutes. Unlike
*Szydelko,* the instant case involves the application
of the limitation period to an action by an estate,
not against an estate. Given that special adminis-
trators could not be sued in actions accruing be-
fore the death of the decedent under the Probate
Code then in effect, 1929 CL 15589, any other
holding by the *Szydelko* Court could have resulted
in actions being barred before a party capable of
being sued was appointed. Here, the availability of
a defendant capable of being sued is not an issue.
Rather, the issue here involves the ability of a
plaintiff to commence a lawsuit.

Additionally, the Court in *Szydelko* was inter-
preting a statute that differs in several important
respects from the current statute. Where § 13981
used the terms "executor or administrator," § 5852
now uses the term "personal representative." As
noted in *Szydelko,* a special administrator had no
powers of general administration and was granted
letters of special administration as opposed to

"letters testamentary or of administration." 259 Mich 522.

In contrast, MCL 700.9(3); MSA 27.5009(3) defines "personal representative" to include a temporary personal representative.[1] MCL 700.175; MSA 27.5175 specifically indicates that a temporary personal representative may commence and maintain an action as a personal representative. Furthermore, MCL 700.179; MSA 27.5179 provides that if a temporary personal representative later becomes the personal representative, that person is accountable as though that person were the personal representative from the date of appointment as temporary personal representative.

Given the changes in § 5852 and the Revised Probate Code since *Szydelko* was decided in 1932, we do not believe *Szydelko* to be controlling in the instant case. Rather, we believe a complete and harmonious reading of the current statutes requires us to hold that here the two-year limitation period contained in § 5852 began to run from the time that plaintiff was appointed temporary personal representative and given letters of authority. Thus, plaintiff's action is barred by the statute of limitations and the trial court erred in failing to grant defendant hospital's motion for summary disposition.

Reversed.

---

[1] The Revised Probate Code provides guidance in interpreting § 5852. This Court has previously noted that the phraseology employed in § 5852 was changed in 1988 to conform with the Revised Probate Code. *Turner, supra.* When two statutory provisions, such as the Revised Probate Code and the Revised Judicature Act, share a common purpose, the terms of the provisions should be read in pari materia in order to carry into effect the purpose of the Legislature as found in harmonious statutes on a subject. *Witt v Seabrook,* 210 Mich App 299; 533 NW2d 22 (1995).