SZYDELKO *v.* SMITH'S ESTATE.

1. Executors and Administrators—Powers of Special Adminis-
trator Limited.

   Special administrator has no powers of general administration,
   but his time and authority are limited; ordinarily his sole
   business being to conserve estate until executor or general
   administrator is appointed (3 Comp. Laws 1929, § 15592).

2. Limitation of Actions—Estates of Decedents—Executors
and Administrators.

   Two-year limitation period barring right of action or proving
   of claim against estate of deceased person begins to run from
   appointment of general administrator rather than from ap-
   pointment of special administrator (3 Comp. Laws 1929,
   § 13981).

3. Same—Personal Injury Cases.

   3 Comp. Laws 1929, § 13981, barring right of action against
   estate of deceased person, unless brought within two years
   from appointment of administrator, applies to personal injury
   cases.

4. Appeal and Error—Assignments of Error Abandoned.

   Assignments of error not discussed in appellant's brief are pre-
   sumed to have been abandoned.

Appeal from Wayne; Webster (Arthur A.), J.
Submitted June 16, 1932. (Docket No. 104, Cal-
endar No. 36,601.) Decided September 16, 1932.

Julia Szydelko, administratrix of the estate of
John Szydelko, deceased, presented her claim
against the estate of Hattie B. Smith, deceased, for
damages resulting from death of plaintiff's decedent.
Claim disallowed by commissioners. Plaintiff ap-
pealed to circuit court. Verdict and judgment for
plaintiff. Defendant appeals. Affirmed.

*Clarence P. Milligan (Samuel D. Frankel,* of counsel), for plaintiff.

*Stevens T. Mason* and *Lightner, Hanley, Crawford & Dodd,* for defendant.

McDONALD, J. On January 4, 1928, the plaintiff's decedent, John Szydelko, was instantly killed in an automobile accident on Chopin street in the city of Detroit. He was knocked down and run over by a truck driven by an employee of Hattie B. Smith, since deceased. A claim for damages resulting from his death was filed against Mrs. Smith's estate. It was disallowed by the commissioners. An appeal was taken to the circuit court, where, on the trial, plaintiff received a verdict and judgment for $20,000. The defendant has appealed.

The record presents the following questions:

1. Is the plaintiff's claim barred by the statute of limitations?

The accident occurred on January 4, 1928. On January 8, 1928, Hattie B. Smith died. On January 9, 1928, Helen R. Fader was appointed special administratrix of her estate. On October 2, 1929, she was appointed general executrix. On September 4, 1931, the plaintiff filed her claim against the estate. At that time the three-year period in which to commence an action for personal injuries had expired, and her claim was barred unless the time is extended by 3 Comp. Laws 1929, § 13981, which reads as follows:

"If any person entitled to bring any of the actions before mentioned in this chapter, or liable to any such actions, shall die before the expiration of the time herein limited, or within thirty days after the expiration of the said time, and if the cause of action does by law survive, the action may be com-

menced by or against the executor or administrator of the deceased person or the claim may be proved as a debt against the estate of the deceased person, as the case may be, at any time within two years after granting letters testamentary or of administration, and not afterwards, if barred by the provisions of this chapter: *Provided, however,* that in no event shall any action be brought under the statute by an executor or administrator unless commenced within three years after the expiration of the time limited in this chapter.''

In the instant case the question arises under this statute whether, when a debtor dies after a cause of action accrues, the legislature intended the two-year limitation period to begin to run after the appointment of a special administrator or only after the issuing of letters to the general administrator or executor. The plaintiff filed her claim within two years after letters of general administration were issued, but not within two years after the appointment of the special administrator. So, in deciding whether the statute of limitations bars her claim, it is necessary to determine whether, in using the words ''letters testamentary or of administration'' in the statute above quoted, the legislature had in mind general administration or whether it intended to include special administration. In arriving at the legislative intent, it is helpful to refer to other probate statutes where the same words are used; for, if in other statutes they are used in relation to general administration only, it is fair to assume that they were intended to have the same meaning in this statute. In 3 Comp. Laws 1929, § 15588, which empowers the court to appoint special administrators, it is provided:

''When by reason of delay in granting letters testamentary or of administration,    *    *    *    the

judge of probate * * * may * * * appoint an administrator to act in collecting and taking charge of the estate of the deceased until an executor or administrator shall be appointed," etc.

A special administrator has no powers of general administration. His time and authority are limited. Ordinarily his sole business is to conserve the estate until an executor or general administrator is appointed. In 3 Comp. Laws 1929, § 15592, it is provided:

"Upon granting letters testamentary or of administration of the estate of the deceased, the power of such special administrator shall cease; and he shall forthwith deliver to the executor or administrator, all the goods," etc.

In both of these sections the legislature had in mind that the appointment of a special administrator was a matter quite apart from the issuing of "letters testamentary or of administration." It was a step preceding the issuing of letters of general administration. We think the same thing was in the legislative mind in using "letters testamentary or of administration" as a starting point for the two-year limitation period. It was not intended to include letters of special administration. On this question in 11 R. C. L. § 661, p. 456, it is stated:

"The appointment of a temporary administratrix does not constitute representation upon the estate of a decedent so as to start the statute of limitations to running against either the estate or the creditors."

In the instant case the special administratrix was not clothed with powers of general administration. She was a temporary administratrix. She could not

be sued in personal actions accruing before the death of her decedent, but might prosecute or defend such actions pending at the time of her appointment if there had been any.    3 Comp. Laws 1929, § 15589.

It is not necessary to discuss the authorities cited from other States; for, whatever may be the holdings in other jurisdictions, under the probate statutes of this State it must be held that the two-year limitation period does not begin to run until letters of general administration have been issued.

The trial court correctly held that the plaintiff's claim was not barred by the statute.

2. Does 3 Comp. Laws 1929, § 13981, apply to personal injury cases?

The defendant contends that it does not apply, and cites *Colling* v. *McGregor,* 144 Mich. 651, in support of its contention.    That case was decided in 1906 and was based entirely on Act No. 155, Pub. Acts 1899, which act was repealed in 1915.    See 3 Comp. Laws 1915, § 14465, line 10 from bottom of page 5045.    It is no longer controlling.    3 Comp. Laws 1929, § 13981, applies.

3. The third question relates to the proof on the ownership of the truck.

We have carefully examined this question, and do not think it requires discussion.

Other assignments of error are not discussed in defendant's brief, and are presumed to have been abandoned.

The judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.