Cavanagh, J.
(concurring in part and dissenting in part). I concur with the majority that Poletown Neighborhood Council v Detroit, 410 Mich 616; 304 NW2d 455 (1981), should be overruled. I also concur with section I of Justice WEAVER’S partial concurrence and partial dissent. I write separately, however, because I believe that the analysis offered by Justice RYAN in his dissent in Poletown offers the best rationale to explain why I believe Poletown should be overruled. Further, I dissent from the majority’s conclusion that today’s decision should be applied retroactively. Contrary to the majority, I would apply today’s decision prospectively only.
This Court has determined that various factors must be considered when determining whether a decision should have retroactive application. In Pohutski v City of Allen Park, 465 Mich 675, 696; 641 NW2d 219 (2002), this Court stated that these “factors are: (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect of retroactivity on the administration of justice.” This Court also “recognized an additional threshold question whether the decision clearly established a new principle of law.” Id. Further, this Court has adopted a thoughtful approach to retroactivity to minimize chaos and maximize justice. See Tebo v Havlik, 418 Mich 350, 360, 361, 363; 343 NW2d 181 (1984) (opinion by Brickley, J.); Lindsey *506 v Harper Hosp, 455 Mich 56, 68; 564 NW2d 861 (1997) (“Prospective application of a holding is appropriate when the holding overrules settled precedent....”).
The key factors in this case are Wayne County’s reliance on this Court’s decision in Poletown and the effect retroactive application will have on Wayne County, as well as other communities that relied on Poletown. In brief, Wayne County has spent approximately $50 million on the project at issue in this case in reliance on this Court’s decision in Poletown. While I agree with the majority that Poletown improperly interpreted and applied the law, Wayne County’s reliance on this Court’s decision in Poletown is clear and I do not believe that Wayne County and its taxpayers should be penalized because the county followed this Court’s guidance.
The majority states that “Wayne County’s course of conduct in the present case was no doubt shaped by Poletown’s disregard for constitutional limits on the exercise of the power of eminent domain and the license that opinion appeared to grant to state and local authorities.” Ante at 484 (emphasis added). The Poletown opinion did not appear to grant power to state and local authorities, it actually did so. Although we now overrule Poletown because it incorrectly interpreted our Constitution, there is no doubt that Wayne County’s actions were a direct result of this Court’s decision in Poletown and were proper under the reasoning and holding in that decision.
I understand that prospective application would mean that defendants must accept just compensation in exchange for their properties. In an ideal situation, no one, including defendants, would have to sell property unless they wanted to sell. However, in examining the factors that this Court considers when determining *507 whether a decision should have retroactive application, I cannot penalize Wayne County and its taxpayers because the county followed this Court’s prior direction. Therefore, while I concur with the majority in overruling Poletown, I dissent with respect to the retroactive application of the majority’s decision.
Kelly, J., concurred with Cavanagh, J.