*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RENEE DUNIGAN and MICHELLE COLSTON,
Next Friends of A.C., D.W., and S.W.,

        Plaintiffs-Appellees,

v

STATE OF MICHIGAN,

        Defendant-Appellant.

UNPUBLISHED
December 10, 2025
11:55 AM

No. 369112
Genesee Circuit Court
LC No. 22-117333-CD

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

WALLACE, J. (*concurring*).

I concur with the majority's conclusion that, pursuant to MCR 7.215(J)(6), we are bound to follow *Hudson v Dep't of Corrections*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 367902) (*Hudson II*). I nonetheless write separately to note that I agree with the well-reasoned dissent in *Hudson II* and respectfully submit that the Michigan Supreme Court should hold (in *Hudson II* or one of the several other cases currently pending on application before it raising this issue[1]), for the reasons stated in that dissent, as well as in the *Landin* majority opinion, that *Christie* shall not have retroactive application in pending cases in which a party did not file a notice under MCL 600.6431 in reliance upon *Tyrrell*'s then-precedentially-binding authority.

> [R]etroactive application of a judicial decision can be "problematic" to due process requirements if it is unexpected and indefensible in light of the law existing at the time of the conduct. Due process principles prevent retrospective laws from divesting rights to property or vested rights or from impairing contracts. [*Syntex Labs v Dep't of Treasury*, 233 Mich App 286, 292-293; 590 NW2d 612 (1998) (internal citations omitted).]

Here, where plaintiffs did not file a written claim or notice of intent to file a claim in the Court of Claims pursuant to MCL 600.6431, in reliance upon *Tyrrell*'s then-binding precedent,

---

[1] See, e.g., *Walton v Mich Dep't of Corrections*, unpublished per curiam opinion of the Court of Appeals, issued December 3, 2024 (Docket No. 367975).

their rights to proceed with ELCRA claims in the circuit court should be deemed vested. The Michigan Supreme Court has found "a more flexible approach" is warranted in circumstances where "injustice might result from full retroactivity" of judicial decisions. *Pohutski v City of Allen Park*, 465 Mich 675, 695-696; 641 NW2d 219 (2002), citing *Lindsey v Harper Hosp*, 455 Mich 56, 68; 564 NW2d 861 (1997). "This flexibility is intended to accomplish the 'maximum of justice' under varied circumstances." *Bolt v City of Lansing*, 238 Mich App 37, 44; 604 NW2d 745 (1999), quoting *Lindsey*, 455 Mich at 68. Procedural due process demands that the people of this state be able to rely upon the only published, binding precedent of this Court, or the Michigan Supreme Court, and not be later penalized for such reliance. Losing one's ability to proceed on a then-properly-filed claim, based on retroactive application of a strict notice requirement, in the circumstances of this and similar cases is a particularly egregious penalty that offends procedural due process and merits this flexibility in determining the extent of *Christie*'s retroactive effect.

As the dissent in *Hudson II* stated, "the plaintiffs who relied on *Tyrell*—such as the plaintiffs in *Landin*, *Hudson I*, and *Walton*—should not be barred from relief simply because they relied on the only published caselaw on this issue at that time." *Hudson II*, ___ Mich App at ___ (FEENEY, J., dissenting); slip op at 4 (citation omitted).

/s/ Randy J. Wallace