*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARTAZ COLEMAN,

       Plaintiff-Appellant,

v

MAGNI INDUSTRIES, INC.,

       Defendant-Appellee.

UNPUBLISHED
March 05, 2026
10:47 AM

No. 366547
Wayne Circuit Court
LC No. 22-010380-NO

## ON REMAND

Before: CAMERON, P.J., and SWARTZLE and FEENEY, JJ.

PER CURIAM.

This case returns to us on remand from our Supreme Court for reconsideration in light of *Rayford v American House Roseville I, LLC*, ___ Mich ___; ___ NW3d ___ (July 31, 2025) (Docket No. 163989). *Coleman v Magni Indus, Inc.*, 26 NW3d 407 (Mich 2025) (*Coleman II*). For the reasons set forth below, we reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case was set forth in our prior opinion, *Coleman v Magni Indus, Inc.*, unpublished per curiam opinion of the Court of Appeals, issued October 24, 2024 (Docket No. 366547) (*Coleman I*), pp 1-2:

> Plaintiff began to work for defendant in August 2018, at which point he was 17 years old. Plaintiff signed the following agreement:
>
> > As a condition of employment or continued employment, unless otherwise provided for by law, I agree not to file any action or suit relating to my employment more than 180 calendar days after the event and/or employment practice or action complained of including, but not limited to, employment termination and discrimination claims, claims for wages, salary, commissions, or expenses, and to waive any state or federal statutes of limitations to

-1-

the contrary. I understand that the statu[t]e of limitations for claims arising out of an employment action may be longer than 180 calendar days, and agree that any employer action that is the subject of a lawsuit or action is barred if it is not filed within the 180 day period unless otherwise provided for by law. This provision does not prohibit the timely filing of a charge with a federal administrative agency under federal law, but unless filed within 180 days (or in less time if any applicable law requires), I waive the right to recover money damages or other relief. Filing a charge or claim with an administrative agency or internally with the employer does not toll the 180 calendar day period for filing a civil suit.

Plaintiff also signed a Statement of Employment that provided: "The undersigned expressly disclaims any reliance upon written statements of firm policy or procedure or any oral or written promises regarding continued employment."

Plaintiff turned 18 years old in November 2018. In October 2019, plaintiff was seriously injured in an explosion at work. Plaintiff ultimately needed more than 20 surgical procedures and rehabilitation. At one point, plaintiff was placed in a medically induced coma because of the pain he was experiencing. Plaintiff was discharged from the hospital in January 2020, at which point he went to a rehabilitation center until February 2020. Plaintiff's parents were granted co-guardianship and co-conservatorship of plaintiff in January 2020, which expired in January 2021.

According to affidavits from plaintiff and his mother, in the first 180 days after sustaining his injuries, plaintiff could "not walk more than a few steps without having to sit down," use the bathroom or bathe on his own, scratch himself, hold a cup, or use a phone. Plaintiff required full-time care, and, because he was "extremely distraught and mentally drained from [his] injuries," he could only think about his health during that period. Further, plaintiff "could barely speak for about a year after the incident due to a paralyzed vocal cord." Plaintiff was unable to work and received workers' compensation benefits.

In August 2022, plaintiff sued defendant. In answer to discovery in November 2022, plaintiff asserted that he was a minor when he signed the agreement and lacked the capacity to sign it. Defendant moved for summary disposition under MCR 2.116(C)(7) and (10), arguing that plaintiff's action was time-barred by the 180-day contractual-limitations period. In response, plaintiff argued that it was impossible for him to sue within 180 days; the terms of the agreement did not apply to this action; plaintiff did not ratify the contract upon turning 18; and the policy violated public policy because it undermined the intentional-tort exception to the Worker's Disability Compensation Act (WDCA) and undermined the Legislature's intent to protect a minor's interests.

The trial court found that the shortened limitations period applied and that plaintiff did not repudiate the contract after turning 18. Further, the trial court found

-2-

that plaintiff could not perform under the contract from the time of the accident until his parents became his guardians and conservators in January 2020, but his parents did not repudiate the contract. As to public policy, the trial court found that the shortened period of limitations did not violate public policy because a minor could ratify a contract by continuing to work and receive benefits after reaching the age of majority, and plaintiff worked for 11 months after turning 18 before the accident occurred. Because plaintiff did not repudiate the contract until his November 2022 discovery answers, the trial court granted defendant's motion and dismissed the case. [Brackets in *Coleman I*.]

On appeal, this Court affirmed the trial court's grant of summary disposition. *Id*. at 5. We rejected plaintiff's arguments that (1) the limitations provision was inapplicable because the term "employment action" concerns specific suits related to employment, not intentional torts; (2) the limitations provision was invalid because plaintiff signed the Statement of Employment; (3) plaintiff's contractual duty to pursue his claim within 180 days was "discharged on the basis of impossibility/impracticability." *Id*. at 3-4. We held plaintiff's argument—that the limitation was unenforceable as contrary to public policy—was waived because plaintiff failed to assert the argument in the trial court. *Id*. at 4. We further noted that, even if the issue was not waived, it lacked merit because the contractual provision was permissible under *Clark v DaimlerChrysler Corp*, 268 Mich App 138, 142; 706 NW2d 471 (2005), overruled by *Rayford*, ___ Mich at ___. *Coleman I*, unpub op at 4-5. Our Supreme Court vacated our opinion and remanded the case for us to consider it in light of *Rayford*. *Coleman II*, 26 NW3d at 407.

## II. STANDARDS OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *Burton v Macha*, 303 Mich App 750, 754; 846 NW2d 419 (2014). "Summary disposition is properly granted under MCR 2.116(C)(7) when the plaintiff's complaint is barred by the applicable statute of limitations or repose." *Id*. "All well-pleaded allegations are viewed in the light most favorable to the nonmoving party unless documentary evidence is provided that contradicts them." *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 309; 901 NW2d 577 (2017). "A motion under MCR 2.116(C)(10), on the other hand, tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (emphasis omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. *RAYFORD*

After this Court rendered its decision in *Coleman I*, our Supreme Court decided *Rayford*. *Rayford* overruled *Clark* and disavowed its extension of *Rory v Continental Ins Co*, 473 Mich 457; 703 NW2d 23 (2005), to employment contracts. *Rayford*, ___ Mich at ___; slip op at 2, 18. It emphasized that it had "never ruled on the application of *Rory* outside of insurance contracts[,]" yet *Clark* impermissibly did so. *Id*. at 19. The Court explained that:

*Rory* involved a shortened limitations period in an insurance policy. Employment disputes are wholly different. As Judge NEFF highlighted in her dissent: Unlike other contracts contexts, an employer and employee often do not deal at arm's length when negotiating contract terms. An employee in plaintiff's position has only two options: (1) sign the employment contract as drafted by the employer or (2) lose the job. The economic pressure exerted by employers on all but the most sought-after employees may be particularly acute, for the inequitable term stands between the employee and necessary employment, and few employees are in a position to refuse a job because of such a term. [*Id.* at 20 (quotation marks, brackets, and citations omitted).]

Rejecting the application of *Rory* in the employment context, the *Rayford* Court held that the reasonableness test in *Camelot Excavating Co, Inc v St. Paul Fire & Marine Ins Co*, 410 Mich 118, 127; 301 NW2d 275 (1981), overruled by *Rory*, 473 Mich at 457, was the appropriate test to determine whether a contractually shortened limitations period in an employment contract is enforceable. *Rayford*, ___ Mich at ___; slip op at 25. The *Camelot* test requires: "[1] that the claimant have sufficient opportunity to investigate and file an action, [2] that the time not be so short as to work a practical abrogation of the right of action, and [3] that the action not be barred before the loss or damage can be ascertained." *Id.* (quotation marks and citation omitted, brackets in *Rayford*). Moreover, *Rayford* held that "[a]dhesion contracts with provisions shortening the statute of limitations in the employment context are subject to heightened judicial scrutiny to determine whether the provisions are reasonable." *Id.* at ___; slip op at 28. In sum, "courts must now first determine whether a challenged employment agreement is adhesive and, if so, apply *Camelot* to determine whether a shortened limitations period is reasonable." *Id.* at ___; slip op at 30.

## IV. APPLICATION

An adhesion contract is a "standard-form contract prepared by one party, to be signed by another party in a weaker position, usu[ally] a consumer, who must essentially either accede (adhere) to the terms or not have a contract at all." *Id.* at ___; slip op at 34, quoting *Black's Law Dictionary* (12th ed). *Rayford* recognized that the unequal bargaining power between an employer and a potential employee can often result in the potential employee having to accept the employment contract terms or not get the job. *Rayford*, ___ Mich at ___; slip op at 34. Plaintiff entered into the employment contract in this case when he was 17 years old. There is no indication he had the power to push back against the terms imposed by defendant. Accordingly, we conclude that the contract in this case qualifies as an adhesion contract subject to close judicial scrutiny. *Id.*

As a preliminary matter, we recognize that, as we held before, under the "raise or waive" rule, plaintiff's failure to raise this issue in the trial court renders it unpreserved and therefore waived. *Coleman I*, unpub op at 4, citing *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg*, 347 Mich App 280, 289; 14 NW3d 472 (2023). But, considering the specific directive from our Supreme Court to reconsider this case in light of *Rayford*, as well as our ability to overlook preservation requirements in various situations, we now address the issue. See *Coleman II*, 26 NW3d at 407; *Tolas Oil & Gas Exploration Co*, 347 Mich App at 289-290.

-4-

It is undisputed that neither this Court nor the trial court engaged in the *Camelot* reasonableness analysis of the shortened limitation period in this case. It is, thus, appropriate to remand this case to the trial court for such consideration. We note that, notwithstanding the direct applicability of *Rayford* to this case, defendant argues that (1) this Court already impliedly addressed the issue when addressing plaintiff's impossibility/impracticability argument, and (2) *Rayford* should only be applied prospectively because retroactive application impairs the parties' contractual rights. Both arguments lack merit.

First, while this Court may have considered the reasonableness of plaintiff's efforts to comply with the limitations period, the pertinent fact remains that neither this Court nor the trial court analyzed the reasonableness of the limitations period itself. As for the retroactivity of *Rayford*, it has long been recognized that "the general rule is that judicial decisions are to be given complete retroactive effect." *Hyde v Univ of Mich Bd of Regents*, 426 Mich 223, 240; 393 NW2d 847 (1986). "However, where injustice might result from full retroactivity, this Court has adopted a more flexible approach, giving holdings limited retroactive or prospective effect." *Lindsey v Harper Hosp*, 455 Mich 56, 68; 564 NW2d 861 (1997). "For example, a holding that overrules settled precedent may properly be limited to prospective application." *Pohutski v Allen Park*, 465 Mich 675, 696; 641 NW2d 219 (2002).

In determining whether to give a holding retroactive or prospective effect, the "threshold question [is] whether the decision clearly established a new principle of law." *Id*. "A rule of law is *new* for purposes of resolving the question of its retroactive application . . . either when an established precedent is overruled or when an issue of first impress is decided which was not adumbrated by any earlier appellate decision." *League of Women Voters of Mich v Secretary of State*, 508 Mich 520, 566; 975 NW2d 840 (2022). *Rayford* did not overrule prior precedent or decide an issue of first impression. It merely corrected this Court's overextension of *Rory* to the employment context and reaffirmed its reasoning in *Camelot*. Even to the extent that the *Rory* Court stated its analysis applied beyond the insurance sphere, *Rayford* held this was mere dicta. *Rayford*, ___ Mich at ___; slip op at 24. Because *Rayford* did not create a new rule, the threshold question for the retroactive analysis is not satisfied. Thus, the "general rule that judicial decisions are to be given complete retroactive effect[]" controls. *Hyde*, 426 Mich at 240.[1] *Rayford* is retroactive, and its holding warrants reversal.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Brock A. Swartzle
/s/ Kathleen A. Feeney

---

[1] Indeed, a contrary holding would be in direct conflict with our Supreme Court's order. Moreover, the Court has remanded numerous cases to this Court for reconsideration in light of *Rayford*, indicating that it intended *Rayford* to have retroactive effect. See *Gabrielson v Woods Condo Ass'n, Inc*, 349 Mich App 478, 495-496; 28 NW3d 747 (2024).